J. W. ELMORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16031.   Promulgated April 2, 1929.

*Elwood Hamilton, Esq.*, for the petitioner.
*Harry LeRoy Jones, Esq.*, for the respondent.

OPINION.

LITTLETON : The evidence convinces us that the fair market value of petitioner's farm on March 1, 1913, was $150 an acre, or a value of $15,795, as found by the Commissioner. Determination of the Commissioner on this point is approved.

The petitioner insists that the Commissioner erred in not treating the sale and transfer of his farm to Creech as an installment sale. He states it would undoubtedly be such but for the fact that the Swinebroad notes endorsed by Creech were turned over to petitioner as part consideration for the transfer. With this declaration we agree. He contends, however, that the Swinebroad notes endorsed and transferred to him in payment of a part of the purchase price were the obligations of Creech, the purchaser, and did not properly constitute any part of the initial payment in the sense of section 212 (d) of the Revenue Act of 1926, which provides as follows:

(d) Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payment actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

Section 1208 of the Revenue Act of 1926 makes the above section retroactive.

The petitioner received only $3,521.24 in actual cash and if that was all that should be considered as constituting the "initial payment" he received, the transaction would clearly be an installment sale. He, however, also received the four lien notes for $3,619.69 each, made by G. B. Swinebroad and given Creech as deferred payments on a farm of 60 acres valued at $18,000, which had been purchased from Creech, and these notes had at the time a readily realizable market value of $6,739.38.

In the opinion of the Board, these notes can not properly be classed as "evidences of indebtedness of the purchaser," Creech, in the sense in which "evidences of indebtedness" is used in the statute. They were evidences of indebtedness of Swinebroad to Creech but they were property transferred to petitioner as part of the initial payment for the farm. Creech assumed no existing indebtedness on the farm he bought of petitioner. He neither assumed nor paid as part consideration any debt of petitioner. He simply paid part in cash and got petitioner to accept as part of the initial payment, notes of Swinebroad which were "property other than evidences of indebtedness of the purchaser during the taxable period in which the sale" was made. The necessary elements to constitute the trans-

action an installment sale are lacking, and the Commissioner was not in error.

Petitioner's farm and the farm of Creech were sold at inflated prices and when the deed and notes as to each were executed and delivered in January, 1921, the value of farms had greatly depreciated and land lien notes were numerous in petitioner's vicinity, with few buyers. The lien notes made by Swinebroad and accepted by petitioner had, at the time received, the readily realizable values heretofore indicated in our findings of fact.

The initial payment consisting of $3,521.24 in cash and the Swinebroad notes amounting, face value, to $14,478.76 and having a readily realizable value of 50 per cent of their face value, or $6,739.38, exceed one-fourth of the purchase price of petitioner's farm and the transaction is not, therefore, an installment sale within the purview of the statute.

*Judgment will be entered under Rule 50.*