CARL F. HOLMES AND KATHLEEN E. HOLMES, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 677–70SC. Filed October 19, 1970.

Carl F. Holmes, pro se.
*Robert D. Forrester* and *Jeffrey E. Boly*, for the respondent.

DRENNEN, *Judge:* Respondent determined a deficiency of $693.89 in petitioner's Federal income tax for the taxable year 1966.

Due to concessions by petitioners, the only issue for our decision is whether a promissory note of a third party received by petitioners in partial payment for the sale of real property is an "indebtedness of the purchaser" within the meaning of section 453(b)(2), I.R.C. 1954.[1]

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners Carl F. and Kathleen E. Holmes, husband and wife, resided in Winters, Calif., on the date their petition herein was filed. They each filed their separate Federal income tax return for the taxable year 1966 with the district director of internal revenue, San Francisco, Calif.

On July 7, 1966, petitioners entered into a contract to sell a parcel of land consisting of approximately 400 acres located in Calaveras County, Calif., to F. O. Thomsen for a total consideration of $100,000. Petitioners were to receive a downpayment of $20,000 and a promissory note executed by F. O. Thomsen to petitioners for $80,000.

The $20,000 downpayment was paid by F. O. Thomsen in the following manner:

| | |
|---|---:|
| Revenue stamps | $110.00 |
| Real estate commission—paid directly to Charles R. Banks, realtor, in the form of a promissory note | 10,000.00 |
| Assignment of a promissory note of Arthur R. and Ruth M. Smith, a third party, secured by 1st Deed of Trust on property located in Calaveras County, California | 6,385.72 |
| Cash | 3,504.28 |
| Total | 20,000.00 |

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended.

The promissory note of Arthur R. and Ruth M. Smith (hereinafter referred to as Smith note) was dated May 2, 1966, and was payable to Kirk F. and Louise E. Ransdell in the face amount of $6,500 with interest at 7 percent. The Smith note provided for monthly payments of $90 continuing until principal and interest were paid.

On May 16, 1966, Kirk F. and Louise E. Ransdell assigned their interest in the Smith note and the deed of trust securing the note to F. O. Thomsen. Subsequently, on August 26, 1966, F. O. Thomsen transferred and assigned all of his beneficial interest in the Smith note and the deed of trust to petitioners. This assignment was recorded on August 31, 1966, in the official records of Calaveras County, Calif.

F. O. Thomsen also executed an undated document in favor of petitioners whereby he guaranteed the payment of the Smith note. The document states in pertinent part:

in event of default in the payment of any amounts falling due under said Note [Smith note] and after written notification of such default, First Party [F. O. Thomsen] does thereupon agree to pay unto Second Party [petitioners] within thirty (30) days, any delinquent payments and all payments as they become due during the remaining term of said Note, as if no delinquency had occurred.

In their 1966 separate Federal income tax return, both petitioners elected to report the gain from the sale of the Calaveras County property to F. O. Thomsen on the installment method. Petitioners, however, did not include the fair market value of the Smith note as a payment received in 1966 in ascertaining the profit to be taxed in that year. In the statutory notices of deficiency respondent determined that the Smith note did constitute a payment to petitioners in 1966, the year of sale, and therefore that its fair market value should have been added to the other payments received in 1966 in ascertaining the profit to be taxed in that year.

OPINION

Under section 453, if certain conditions are satisfied, a taxpayer is entitled to report as income in any taxable year from the sale of realty only "that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price." The term "payment," as used in section 453, includes the receipt of cash or other property which is the equivalent of cash but does not include evidences of indebtedness of the purchaser. Income Tax Regs., secs. 1.453–1(c) (1) and 1.453–4(b). See *J. W. Elmore*, 15 B.T.A. 1210 (1929).

The narrow issue for our decision is whether the Smith note, otherwise being the equivalent of cash, is an evidence of indebtedness of the

purchaser so as not to constitute a payment to petitioners in the year of sale in ascertaining the profit to be reported in that year.[2]

Notwithstanding the fact that the Smith note is not drawn from the purchaser, F. O. Thomsen, to petitioners and is thus clearly a third-party note, petitioners contend that the Smith note is nevertheless an evidence of indebtedness of the purchaser. In support of their contention, petitioners argue that inasmuch as the purchaser guaranteed the payment of the Smith note, it should be regarded as an obligation of the purchaser rather than an obligation of the drawer of the note.

It is well settled that third-party notes are not "evidences of indebtedness of the purchaser" as contemplated by section 453. *J. W. Elmore, supra; Georgia-Florida Land Co.*, 16 B.T.A. 1253 (1929); *Mercedes Frances Freeman, et al., Trust*, 36 T.C. 779 (1961), affd. 303 F. 2d 580 (C.A. 8, 1962). In the *Freeman* case, this Court stated at page 786:

The "evidence of indebtedness" received by petitioners was not that of the purchaser as required by section 453(b) (2) (A) (ii), but that of * * * a third party. Since the note was not an "evidence of indebtedness of the purchaser," it must be considered part of the payment made in 1956; * * *

Also, in *Georgia-Florida Land Co., supra*, we stated at page 1256:

It seems certain, however, that they were not the notes of Pelot [the purchaser] to this petitioner and, that being so, it is immaterial whether they were drawn by McNeill [a third party] to the petitioner in novation, or by McNeill [third party] to Pelot [purchaser] and transferred to the petitioner by endorsement; they assuredly were not "evidences of indebtedness of the purchaser," * * *, as contemplated by the law. * * *

While in the above-cited cases it does not appear that the third-party notes were guaranteed by the purchaser, we think those cases are indistinguishable in principle from the instant case and are therefore dispositive of the issue herein. The fact that the purchaser guaranteed the Smith note does not in our view change the status of the Smith note from that of a third-party note to that of an evidence of indebtedness of the purchaser. See *Walnut Realty Trust*, 23 B.T.A. 850, in which third-party notes endorsed, with recourse, by the purchaser were included in payments received in the year of sale. Rather we think the purchaser's guarantee is only material to the valuation of the Smith note.[3]

---

[2] Our determination of this issue will in no way affect the validity of petitioners' election to report their realized gain on the installment method.

[3] There is no dispute between the parties as to the fair market value of the Smith note.

Petitioners further argue that to treat the Smith note as a payment in the year of sale would be contrary to the intention of Congress. They maintain that Congress certainly did not intend for a taxpayer to have to pay a tax on money he has not received. In response to this argument, we need only point out to petitioners that it is the receipt of income which triggers a Federal income tax and that it is well established that the term "income" as used in the revenue statutes is not limited to cash income. Indeed, where section 453 for some reason is inapplicable, as for example where more than 30 percent of the sales price is received in the year of sale, the entire gain on the sale is taxable in the year of sale even though the balance of the purchase price is represented by property that is not readily convertible to cash.

Based upon the authority of *Mercedes Frances Freeman, et al., Trust, supra, Georgia-Florida Land Co., supra,* and *J. W. Elmore, supra,* we hold that the Smith note is not an evidence of indebtedness of the purchaser and therefore constitutes a payment to petitioners in the year of sale, and the agreed-upon value of the note must be taken into consideration in determining the profit to be reported in that year.

*Decision will be entered for the respondent.*